UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CLIFFORD TIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-CV-0358-CVE-FHM |
| | ) | |
| THE US BAIRD CORPORATION, | ) | |
| a/k/a The Baird Machinery Corporation, | ) | |
| a/k/a Baird Industries, LLC, a foreign | ) | |
| corporation or limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court are the motion to intervene (Dkt. # 5) and amended motion to intervene (Dkt. # 10) of non-party American Interstate Insurance Company (American).[1] Plaintiff claims that defendant is liable for manufacturing and selling a defective "four slide machine," which injured plaintiff while he was employed at Action Springs Company, Inc. (Action Springs). Dkt. # 2-1, at 1. After being injured, plaintiff filed a workers' compensation claim against Action Springs. Dkt. # 10, at 1. American insured Action Springs for its workers' compensation risk, and it paid approximately $300,000 in medical expenses and indemnity benefits to resolve the claim. Id. Pursuant to Fed. R. Civ. P. 24, American claims that it is entitled to subrogation based on its payment of plaintiff's workers' compensation claim, and it seeks to file its own complaint against defendant. Dkt. # 10, at 1. Plaintiff objects to intervention because he is "concerned that [American's] active participation [in litigation] will prejudice his claim and thus reduce the amount

---

[1] American's original motion to intervene (Dkt. # 5) did not state whether it was opposed. The Court by minute order (Dkt. # 6) required American to amend its pleading to advise if any party objected. In response, American filed its amended motion to intervene to include the required information. Dkt. # 10. In all other ways, the two motions are identical.

that could ultimately be awarded to [him] by a jury." Dkt. # 15, at 2. If American is able to intervene, plaintiff requests that the Court limit it "from taking an active role of participation in this lawsuit against the Defendant." Id. at 3. Defendant does not object to intervention. Dkt. # 10, at 2.

"On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1).[2] In making this determination, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). While the Tenth Circuit "follows 'a somewhat liberal line in allowing intervention,'" Utah Ass'n of Cntys. v. Clinton, 255 F.3d 1246, 1249 (10th Cir. 2001) (quoting Coal. of Ariz./N.M. Cntys. v. Dep't of Interior, 100 F.3d 837, 841 (10th Cir. 1996)), the decision to permit intervention "lies within the discretion of the district court." Kane Cnty. v. United States, 597 F.3d 1129, 1135 (10th Cir. 2010) (citing City of Stillwell v. Ozarks Rural Elec. Coop., 79 F.3d 1038, 1043 (10th Cir. 1996)).

American's motion is timely. Plaintiff filed this action in state court on January 22, 2015, Dkt. # 2-1, at 1, but it did not apparently accomplish service on defendant until May 28, 2015. Dkt. # 2-5, at 3. Defendant removed to this Court on June 25, 2015, Dkt. # 2, and American filed its original motion to intervene on June 29, 2015. Dkt. # 5. The Court has yet to enter a scheduling order, and it appears that little to no action has been taken in the case beyond the filing of the petition and service of process. As the case has barely begun and American did not delay in filing its motion, American's motion is timely under Rule 24(b).

---

[2]   Rule 24 allows for intervention as a matter of right and by permission of the Court. See FED. R. CIV. P. 24(a), (b). American does not state whether it seeks to intervene as a matter of right or by the Court's permission, merely citing to Rule 24. See Dkt. # 10. Because the Court will permit American to intervene, the Court need not consider whether American could also intervene as a matter of right.

American asserts that its statutory right of subrogation can serve as the basis for its intervention in this case. Dkt. # 10, at 2. Under Oklahoma law, an insurance carrier has a right of subrogation against a third party when the insurer has paid funds to resolve a workers' compensation claim and the third party is liable for the underlying injury. See OKLA. STAT. tit. 85, § 348(C) (2011); OKLA. STAT. tit. 85, § 44 (2006).[3] American states, and plaintiff acknowledges, that it paid workers' compensation benefits to plaintiff for the same injury about which plaintiff's claim against defendant revolves. See Dkt. # 10, at 1; Dkt. # 15, at 2. The determination of whether defendant is liable to American on a subrogation claim will necessarily depend on whether defendant is liable for plaintiff's injury. See U.S. Fid. & Guar. Co. v. Federated Rural Elec. Ins. Co., 37 P.3d 828, 831 (Okla. 2001) ("[A] claim based on equitable subrogation allows an insurer who has paid coverage to stand in the shoes of the insured and pursue recovery from a third party primarily responsible for the insured's loss which the insurer both insured and reimbursed."). As plaintiff's products liability claim also requires the determination of whether defendant is liable for plaintiff's injury, American's claim "shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1).

Plaintiff argues that intervention should not be allowed because American's participation in the litigation, including at trial, would prejudice plaintiff by potentially limiting the amount of recovery. Dkt. # 15, at 2-3. Plaintiff seeks to have American's participation at trial strongly curbed, citing Landrum v. National Union Insurance Co., 912 P.2d 324 (Okla. 1996). In that case, the Oklahoma Supreme Court held that an insurer who had the right to intervene in a case between an

---

[3] Plaintiff argues that, based on the date of injury, the applicable statute is § 44, not § 348. The Court has reviewed both statutes and finds that each grants a right of subrogation to an insurance carrier who has paid benefits on a workers' compensation claim. Compare § 44(c), with § 348(C). Thus, regardless of the applicable statute, American would have a right of subrogation here.

3

injured worker and a third party did not necessarily have the right to participate in the jury trial. Landrum, 912 P.2d at 328. While the trial court could have allowed the insurer to participate in the jury trial, it was not required to do so, particularly where the insurer's participation would prejudice the plaintiff. Id. at 328-29. However, plaintiff is wrongly equating being prejudiced at trial, as was at issue in Landrum, with being prejudiced by intervention; only the latter is at issue here. Even in Landrum, the trial court allowed the insurer to intervene, despite finding that the plaintiff would be prejudiced by the insurer's participation at trial. See id. The Court finds that plaintiff would not be prejudiced by American's intervention.

As the Rule 24 requirements for intervention are met and plaintiff would not be prejudiced by American's intervention,[4] the Court will permit American to intervene. See FED. R. CIV. P. 24(b). American attached as an exhibit to its amended motion the "petition in intervention" that it seeks to file. Dkt. # 10-1, at 1. In accordance with Rule 3, plaintiff must restyle its exhibit to be a "complaint in intervention," rather than a "petition in intervention."

**IT IS THEREFORE ORDERED** that American's amended motion to intervene (Dkt. # 10) is hereby **granted**. American will file its complaint in intervention no later than **July 10, 2015**. **Counsel shall correct the case caption to reflect the named Intervenor.**

**IT IS FURTHER ORDERED** that American's motion to intervene (Dkt. # 5) is **moot**.

**DATED** this 7th day of July, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[4] At the appropriate time prior to trial, plaintiff may by motion reassert the issue of prejudice.